25 C.C.P.A. (Patents)

MISHAWAKA RUBBER & WOOLEN MFG. CO. v. BRADSTONE RUBBER CO.

Patent Appeal No. 3989.

Court of Customs and Patent Appeals.

Feb. 7, 1938.

Eugene M. Gíles, of Chicago, Ill. (E. W. Shepard and T. A. Hostetler, both of Washington, D. C., of counsel), for appellant.

Robert E. Barry and A. A. Cyr, both of Washington D. C. (Thomas L. Mead, Jr., of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, vacating a decision of the Examiner of Interferences which sustained an opposition of appellant to the registration of a trade-mark by appellee, and adjudged that appellee was not entitled to the registration of the mark, application for which was filed by it on April 4, 1935. The decision of the Commissioner also ordered that appellant's notice of opposition be stricken from the record.

It appears that, after certain amendments of appellee's application had been entered, its attorneys requested that the case should be passed to final publication, and on September 24, 1935, the mark was published in the Official Gazette.

On October 22, 1935, there was filed with the Commissioner of Patents the following letter:

"Hon. Commissioner of Patents.

"Sir: The undersigned hereby abandons the above trade-mark application without prejudice.

"Bradstone Rubber Company,
"By I. V. Stone,
"President.

"October 21st, 1935."

On October 23, 1935, appellant filed a notice of opposition to the registration of the mark applied for by appellee, alleging, among other things, confusing similarity of appellee's mark with a registered mark owned by appellant, applied to goods possessing the same descriptive properties as the goods to which appellee applied its mark.

On November 21, 1935, the Examiner of Interferences wrote appellee's attorneys advising them that the proposed abandonment of its application, filed October 22, 1935, would not be considered, and further requiring appellee to answer appellant's notice of opposition by December 21, 1935. In said letter the Examiner stated: "The proposed abandonment filed October 22, 1935, of the application involved herein, is noted by the examiner. In the absence of the written consent of the opposer no further consideration can be given thereto in view of the ruling in the case of—James G. Gill Company, Inc., v. Standard Brands Incorporated, 159 Ms.D. 243."

On December 12, 1935, the parties hereto entered into a stipulation, subject to the approval of the Commissioner, that certain testimony to be taken might be used in the opposition here involved, and also in another opposition involving the same parties.

On December 17, 1935, the Examiner postponed consideration of said stipulation pending the filing of an answer by appellee to said notice of opposition, or waiver of its right so to file.

On January 24, 1936, the Examiner of Interferences wrote the following letter: "The record fails to show that the answer called for in office letter dated November 21, 1935, has been filed. Accordingly, under the provisions of Equity Rule 16 [28 U. S.C.A. following section 723], the notice of opposition is hereby taken pro confesso. The question of the entry of a final decree within the meaning of Equity Rule 17 [28 U.S.C.A. following section 723] will be considered later."

On February 28, 1936, the Examiner of Interferences entered a final decree pro confesso, sustaining appellant's notice of opposition and adjudging that appellee is not entitled to the registration of the mark for which it had made application.

On February 11, 1937, appellee petitioned the Commissioner to review the record in the case and exercise his supervisory authority thereover, alleging in effect that

the Examiner of Interferences was without jurisdiction to enter said decree pro confesso, inasmuch as appellee had abandoned its application before the notice of opposition was filed.

On April 16, 1937, the Commissioner rendered his decision hereinbefore noted, and from such decision appellant took this appeal.

On October 12, 1937, appellee filed a motion in this court to dismiss this appeal upon the ground that the appeal does not state any matter properly appealable to this court, but merely presents a moot question. Decision upon said motion was reserved by us, to be considered upon the argument of the case upon its merits.

■ This motion is denied for the reason that we do not consider the question before us as moot. If appellant should here prevail, the decision of the Examiner will constitute a final determination that appellee has not the right to register its mark; while, if the Commissioner's decision is affirmed, there will have been no such determination.

Under appellant's reasons for appeal no issue is raised with respect to the right of the Commissioner, in the exercise of his supervisory powers, to consider appellee's petition under date of February 11, 1937, and upon oral argument appellant's counsel expressly waived any contention that appellee, not having appealed from said decree pro confesso, was bound thereby.

As hereinbefore set forth, the Examiner of Interferences, in refusing to consider appellee's abandonment of October 22, 1935, relied upon the case of James G. Gill Company Inc. v. Standard Brands Incorporated, 159 Ms.D. 243. In his decision in the case at bar the Commissioner stated:

"I do not think the Standard Brands case is applicable. There the applicant had attempted to withdraw its application after the opposition had been instituted, and for reasons fully stated by the Commissioner in his decision it was held that such withdrawal should not be permitted without the consent of the opposer. The situation presented in the instant case is entirely different. Applicant abandoned its application before any notice of opposition had been filed, so that when the notice was received in the Patent Office there was no longer a pending application to be opposed. The opposer should have been so advised, and the notice of opposition should have been returned unfiled.

"It is my opinion that the proceeding was void from its inception, and that the examiner of interferences was therefore without jurisdiction to render the decision here complained of. Accordingly the said decision is vacated, and the notice of opposition is ordered stricken from the record."

■ Rule 65 of the Rules of the Patent Office relating to the registration of trademarks reads, in so far as is here pertinent, as follows: "65. An abandoned trade-mark application is one * * * which the applicant has expressly abandoned by filing in the office a written declaration of abandonment, signed by himself and assignee, if any, identifying his application by serial number and date of filing."

Section 26 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 105, reads as follows: "Sec. 26. That the Commissioner of Patents is authorized to make rules and regulations, not inconsistent with law, for the conduct of proceedings in reference to the registration of trade-marks provided for by this Act."

In our opinion, rule 65, as above quoted, is not inconsistent with any provision of the statutes relative to the registration of trade-marks, and indeed appellant does not challenge the validity of the rule.

Therefore, so far as the record discloses, at the time appellant's notice of opposition was filed, October 23, 1935, there was not pending in the Patent Office any application of the appellee for the registration of its mark, and there was nothing for appellant to oppose. Surely, appellant could not claim to be damaged by the registration of appellee's mark when appellee was not seeking to register it. All of the cases cited by appellant relate to oppositions filed before abandonment of an application by an applicant, and we agree with the Commissioner that where a notice of opposition is filed against an existing application, a very different situation as to the rights of the parties exists from one where there is no application pending when a notice of opposition is filed.

Appellee cites a case directly in point with the one at bar, viz., the case of Ex parte Rockwood Chemical Company, 117 Ms.D. 295. The decision in that case reads as follows:

"This is a petition requesting that the Examiner of Trade-marks be advised that his action of June 30, 1915, setting aside a letter of June 16, 1915, was improper, that applicant's abandonment of this application filed June 10, 1915 should remain in force.

"Since the withdrawal of this application by abandonment there have been three notices of opposition received, but since the application was abandoned June 10, 1915, and the first received notice of opposition was filed June 23, 1915, there was nothing to oppose, and it was therefore inproper to have instituted opposition proceedings.

"The Examiner of Interferences is therefore directed to dismiss the opposition on this ground allowing an appeal if the opposer shall so elect, and the Examiner of Trade-marks is directed to hold that application of Rockwood Chemical Company abandoned as of June 10, 1915.

"/s/ J. T. Newton,
"Acting Commissioner.
"July 15, 1915."

With respect to the case of Gill Co., Inc., v. Standard Brands, Inc., supra, in which case a notice of abandonment was filed after a notice of opposition had been filed, we would observe that the Commissioner, in holding that in such case the opposition should proceed to judgment, overruled a number of previous decisions of the Patent Office.

We are not here called upon to determine whether the Gill Co., Inc., v. Standard Brands, Inc. Case was properly decided, but it is significant that the case of Ex parte Rockwood Chemical Company, supra, was not cited.

Appellant cites the case of Lincoln Motor Co. v. Lincoln Mfg. Co., 58 App.D.C. 191, 26 F.2d 563. In that case, after an appeal had been taken to the court, an agreement was entered into between the parties whereby the applicant discontinued and abandoned the use of the mark. Nevertheless the court proceeded to decide the case upon the record certified by the Patent Office. Obviously the court, in so doing, merely performed its statutory duty, and that decision has no application to the case at bar.

■ We are satisfied that, in order to constitute an opposition proceeding, there must be an existing application at the time that the notice of opposition is filed. Otherwise, there can be no issue formed and nothing upon which the Patent Office tribunals are authorized to proceed.

■ At the time appellant's notice of opposition was filed there was nothing pending in the Patent Office upon which opposition could be based, and therefore the Examiner of Interferences was without jurisdiction in the premises.

■ We attach no importance to the stipulation signed by appellee's counsel, hereinbefore referred to. It never became effective, so far as the record discloses, and in any event it did not revive appellee's abandoned application.

We observe that counsel for both parties have failed to comply with paragraph 3(e) of rule XXVII of our rules, requiring all briefs in excess of fifteen pages to be indexed. While the excess of pages in the briefs before us is not great, such briefs fall within the rule.

Finding no error therein, the decision of the Commissioner is affirmed.

Affirmed.